Form CGFI17   (3/9/07)



ORDERED in the Southern District of Florida on May 9, 2007

**Raymond B Ray**
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov
## DIVISION:   Fort Lauderdale

In re:

**Name of Debtor(s):**  Certified HR Services Company

**Case Number:**  05–22912–RBR

—————————————————————————/

**James S Feltman**

Plaintiff(s)

**VS.**

**Prairie Capital**

**Adversary Number:**  07–01336–RBR

Defendant(s)

—————————————————————————/

*CLERK*
*USBC*
*SDFL*
*FILED*
*5/9/07*

## ORDER SETTING FILING AND DISCLOSURE REQUIREMENTS
## FOR PRETRIAL AND TRIAL

     To expedite and facilitate the trial of this adversary proceeding, and pursuant to Local Rule 7016–1(B) of this court, it is:

**ORDERED** as follows:

  1.   **DISCLOSURES.** Except as otherwise ordered by the court, Rules 26(d) and 26(f), Fed.R.Civ.P., shall not apply to this adversary proceeding. The disclosure requirements of Rules 26(a)(1),(2), and (3), Fed.R.Civ.P., shall apply, but according to the deadlines set forth as follows:

A.  The initial disclosures of witnesses and documents required by Rule 26(a)(1), Fed.R.Civ.P., shall be made at least thirty (30) days before the pretrial conference.

B.  The disclosure of expert testimony under Rule 26(a)(2), Fed.R.Civ.P., shall be made twenty (20) days before the pretrial conference or within ten (10) days after the opposing party's disclosure of evidence that gives rise to the need for the expert, whichever is later. The party disclosing an expert witness shall, within ten (10) days of the disclosure, but in no event less than five (5) days prior to the pretrial conference, provide a written report prepared and signed by the witness as required by Rule 26(a)(2)(B), Fed.R.Civ.P.

C.  The pretrial disclosures under Rule 26(a)(3), Fed.R.Civ.P., shall be provided at or before the pretrial conference and incorporated in the joint pretrial order.

D.  All disclosures under Rule 26(a)(1) and 26(a)(2), Fed.R.Civ.P., shall be made in writing, signed by counsel of record, served, and, except for copies of the exhibits, filed with the court. The disclosures under Rule 26(a)(3) shall be incorporated in the joint pretrial order. However, written reports prepared by expert witnesses shall not be filed with the court, unless otherwise ordered.

2.  **PRETRIAL ORDER.** Plaintiff shall bring to the pretrial conference a pretrial order which substantially conforms to Local Form 63A. If a counterclaim has been filed, a separate pretrial order shall be prepared by the counterplaintiff.

3.  **DUTY OF PLAINTIFF AND COUNTERPLAINTIFF.** It shall be the duty of plaintiff (and counterplaintiff, if a counterclaim has been filed) to prepare and sign a proposed pretrial order and to furnish the proposed draft to all other parties at least five (5) business days prior to the pretrial conference. The proposed order shall be complete in all respects except for the other parties' list of exhibits and witnesses.

4.  **DUTY OF PARTIES OTHER THAN PLAINTIFF AND COUNTERPLAINTIFF.** Within three (3) business days following receipt of the proposed pretrial order, it shall be the duty of each other party to do the following:

A.  If the proposed draft is acceptable, to sign and return the signature page to plaintiff (or counterplaintiff) together with that party's list of exhibits and witnesses.

B.  If the proposed draft is not acceptable, to immediately meet with or telephone plaintiff (or counterplaintiff) in a good faith effort to complete a pretrial order.

5.  **UNILATERAL STATEMENTS.** Unilateral pretrial statements shall not be filed.

6.  **FAILURE TO COMPLY WITH PRETRIAL REQUIREMENTS.** If the acts required by this order, including submission of the pretrial order, are not completed at or before the pretrial conference, the court may do any or all of the following:

A.  Award monetary sanctions including attorney's fees against the party at fault;

B.  Award non–monetary sanctions against the party at fault. These may include the entry of a judgment of dismissal or the entry of an order striking the answer and entering a default.

7.  **DISCOVERY.** All discovery shall be completed prior to the pretrial conference. The court will allow discovery after that date only upon a showing of good cause and exceptional circumstances. At the pretrial conference the parties shall advise the court of any anticipated material evidentiary objections.

8.  **MEDIATION.** Pursuant to Local Rule 9019–2, the court may order the assignment of this proceeding to mediation at the pretrial conference or at any other hearing, upon the request of any party in interest, or upon the court's own motion.

9.  **TRIAL DATE.** The trial of this proceeding will be set by the court at the pretrial conference.

10.  **SPECIAL SETTINGS.** If the attorney(s) trying the case are from out–of–town, or the parties or witnesses are from out–of–town, or if some other special reason exists that justifies a request to the court to specially set trial at a time or date certain, counsel should include a request for a special setting in the pretrial order and seek relief at the pretrial conference.

11.  **DOCUMENTS REQUIRED BEFORE TRIAL.**

    A.  No later than 4:00 p.m. four (4) business days prior to trial, each party shall 1) serve on opposing counsel; and 2) furnish to the judge's chambers (but not file) the following documents:

        (1)  A set of pre–marked exhibits intended to be offered as evidence at trial. Plaintiff(s)'s exhibits shall be marked numerically, and defendant(s)' exhibits shall be marked alphabetically. Exhibits shall be bound in a notebook or folder with tabs marking each exhibit, and shall be accompanied by an Exhibit Register conforming to Local Form 49. Sufficient copies must be provided so that a set is available for each party, the witnesses, and the judge, as required by Local Rule 9070–1.

        (2)  A copy of any summary which that party will offer in evidence at the trial, together with a notice of the location of the books, records and the like of which the summary has been made and the reasonable times when they may be inspected and copied by the adverse party.

    B.  Each party shall file and serve the following documents no later than 4:00 p.m. two (2) business days prior to trial:

        (1)  Any written opening statement the party wishes the court to read before the trial begins. Oral opening statements normally will not be permitted at trials.

        (2)  Unless otherwise ordered, any objection to the use of a disclosed transcript, to the admissibility of a proposed exhibit or to all or part of a summary. The objection must identify the transcript or exhibit subject of the objection and identify the grounds for the objection, as well as full citations to all case decisions and other authority in support of the objection. <u>Failure to timely object to a transcript, exhibit, or all or any part of a summary will be deemed a waiver of any objection and consent to admissibility at trial.</u> All motions in limine and other evidentiary objections will be argued prior to the start of the scheduled trial, other than those that arise during the course of trial.

12.  **COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY.** All papers, including exhibits, submitted to the court must comply with the federal judiciary privacy policy as referenced under LR 5005–1(a). Specifically, filers are responsible for redacting Social Security numbers, dates of birth, financial account numbers and names of minor children from any documents submitted to the court.

13.  **FINAL ARGUMENT.** At the conclusion of the trial the court, in lieu of final argument, may request that each party electronically submit a Proposed Memorandum Opinion with findings of fact and conclusions of law and a separate proposed Final Judgment in word processing format to an electronic mailbox designated by the court. If electronically submitted, the e–filer must include in the "subject" line the case name and number and the date of the hearing from which the document emanated.

14. **SWORN DECLARATIONS.** Unless otherwise ordered, the direct testimony of all witnesses, except adverse, hostile or rebuttal witnesses, shall be presented by sworn declarations consisting of a succinct written statement of the direct testimony which that witness would be prepared to give if questions were propounded in the usual fashion at trial.

   A. Each statement of fact shall be separate, sequentially numbered and shall contain only facts which are relevant and material to the contested issue before the court, avoiding redundancies, hearsay, and other obviously objectionable statements.

   B. The statement shall be signed under penalty of perjury by the declarant and substantially conform to Local Form 63B. Such statements may be referenced as the witnesses' "sworn declaration of fact".

   C. The original sworn declarations shall be marked as exhibits and filed and served two (2) business days prior to trial.

   D. Objections to any portions of the statements may be raised at the time the sworn declaration of each respective witness is offered to the court. The witness shall then be sworn and asked if the statement correctly reflects the testimony that would be given if the witness was asked the appropriate questions. Assuming an affirmative answer, opposing counsel may then cross–examine the witness. At the conclusion of cross–examination, the party whose witness is on the stand may conduct oral redirect examination in the usual manner.

15. **SETTLEMENT.** If the proceeding is settled, counsel shall submit to the court a stipulation or proposed judgment approved by both parties prior to the time trial is to begin. If a judgment or stipulation is not submitted to the court, all counsel shall be prepared to go to trial. If the proceeding is removed from the trial calendar based upon the announcement of a settlement, the proceeding will <u>not</u> be reset for trial if the parties fail to consummate the settlement. In that event, the court will only consider a motion to enforce the settlement, unless the only reason the settlement is not consummated is the court did not approve the settlement, in which case the matter will be reset for trial at a later date.

16. **DEFAULT.** If any defendant fails to timely answer or otherwise respond to the complaint, the plaintiff shall promptly seek entry of a clerk's default pursuant to Bankruptcy Rule 7055(a), and Local Rule 7055–1, and shall move for default judgment prior to the pretrial conference. If no motion for default judgment has been filed prior to the pretrial conference, plaintiff's counsel shall appear at the pretrial conference.

17. **SANCTIONS.** Failure to appear at the pretrial conference or to comply with any provision of this order may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

18. **CONTINUANCES.** Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion filed no later than two (2) business days before the pretrial conference. The motion must set forth the status of the litigation, including exchange of initial disclosures and status of discovery, and must include the reasons why the parties seek a continuance. Any motion to continue shall be heard at such time as the court determines, but no later than the pretrial conference.

19. **SERVICE.** Plaintiff(s)' counsel shall serve a copy of this order on the defendant(s) with the summons and complaint.

# # #

*Page 4 of 4*