UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re
CERTIFIED HR SERVICES COMPANY            CASE NO. 05-22912-BKC-RBR
f/k/a The CURA Group, Inc.               CHAPTER 11

Debtor.
_____/

JAMES S. FELTMAN, Chapter 11            ADV. NO. 07-1336-BKC-RBR-A
Trustee of Certified HR Services
Company f/k/a The CURA Group, Inc.

Plaintiff,

v.

PRAIRIE CAPITAL

    Defendant.
_____/

### CHAPTER 11 TRUSTEE'S *EX PARTE* MOTION (A) FOR ENLARGEMENT OF TIME TO SERVE SUMMONS AND COMPLAINT AND (B) TO CONTINUE THE PRETRIAL CONFERENCES PRESENTLY SCHEDULED

James S. Feltman, the duly appointed and acting Chapter 11 trustee (the "Trustee") for the estate of Certified HR Services Company, f/k/a The Cura Group (the "Debtor") together with the substantively consolidated assets and liabilities of Certified Services, Inc. ("CSI") (collectively with the Debtor hereinafter referred to as the "Consolidated Estate"), files this Motion (A) for Enlargement of Time to Serve Summons and Complaint and (B) to Continue the Pretrial Conferences Presently Scheduled, in the above-referenced adversary case filed against PRAIRIE CAPITAL (the "Defendant"), pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 4 of the Federal Rules of Civil Procedure ("FRCP"), and states as follows:

**Background**

1. On May 12, 2005, the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code.

2. On May 25, 2005, upon motions for the appointment of a trustee, by agreed order this Court ordered the appointment of a trustee.

3. Thereafter, on May 26, 2005, the Office of the United States Trustee appointed James S. Feltman ("Feltman" or the "Trustee") as the Chapter 11 trustee, which appointment was confirmed by subsequent order of this Court. Feltman is the duly appointed and acting Chapter 11 trustee of the Debtor's estate.

4. The Debtor was in the PEO business. A PEO generally provides services to its clients and its clients' employees, whereby the PEO becomes a co-employer of the clients' worksite employees. Under this arrangement, employment-related liabilities are contractually allocated between the PEO and the client. Among other responsibilities, the PEO assumes responsibility for and manages the risks associated with workers compensation insurance for worksite employees. Specifically, the Debtor operated and, for a period of time during the Chapter 11 proceeding through the Trustee, continued to operate as a PEO.

5. The Debtor, a Florida corporation with its principal place of business in Ft. Lauderdale, Florida, is a wholly owned subsidiary of Certified Services, Inc ("CSI"), a Nevada corporation formed on September 15, 1999.

6. Since 2001, CSI was controlled by Midwest Merger Management, LLC, a Kentucky limited liability company ("Midwest"), which was described by CSI in its filings with the Securities and Exchange Commission as its "principal and controlling shareholder." Since 2002, the Debtor was a wholly-owned subsidiary of CSI.

7.  Between May, 2001 and May, 2006, CSI and the Debtor transferred in excess of $108 million to Midwest.

8.  Between May, 2001 and May, 2005, CSI, the Debtor, and Midwest collectively transferred in excess of $25 million to Brentwood Capital Corporation ("Brentwood").  The funds transferred by Midwest to Brentwood are traceable to the funds Midwest received from the Debtor and CSI.

9.  The transfers to Midwest and Brentwood essentially consisted of the majority, if not all, of the monies generated by CSI and the Debtor in the course of their operations.

10. On June 10, 2005, the Trustee instituted a declaratory judgment action to consolidate assets and liabilities of, among other entities, CSI with the Debtor.

11. On May 10, 2006 (the "Sub Con Effective Date"), the Bankruptcy Court entered an order pursuant to which the assets and liabilities of CSI were substantively consolidated with and into the Debtor's estate pursuant to a settlement between, among other parties, the Trustee, CSI, Midwest, and Brentwood.

12. Since being appointed, the Trustee has diligently researched all potential causes of action and reviewed the Debtor's books and records.  Following the Sub Con Effective Date, the Trustee was able to access numerous records regarding potentially avoidable transfers from CSI, Midwest, and Brentwood.

13. Through discovery and forensic accounting, the Trustee was able to identify many avoidance and recovery actions against certain transferees from the books and records of the Debtor, CSI, Midwest, Brentwood, and their respective banking institutions.  However, despite reliable financial information regarding the transfers, many transfers were made to entities having a common or incomplete name, making it impossible to tell from the financial

information itself where such entity may be located or incorporated. Further, the Trustee has not bee able to locate addresses for certain of the defendants. Lastly, the Trustee is continuing his independent investigation as to certain defendants and the documents supporting the claims related to certain defendants.

14. On May 12, 2007, the statute of limitations for certain of the avoidance actions would have expired. Prior to May 12, 2007, the Trustee filed an avoidance action against the Defendant (the "Avoidance Action").

15. The Trustee is still in the process of marshalling certain of the remaining books and records of the Consolidated Estate in order to obtain better information concerning service of the complaint in the Avoidance Action. To date, the Trustee has either (A) not yet been able to discern the full proper name for the Defendant and/or the proper address for the Defendant in the Avoidance Action and/or (B) not obtained full information with respect to claims against the Defendant. The Trustee and his professionals have expended and continue to expend substantial time and energy to locate the additional information needed to effectuate service.

**Relief Sought**

16. As to the Defendant, the Trustee seeks (A) an enlargement of time to serve the summons and complaint in this Avoidance Action, and (B) a continuance of the pretrial conference presently scheduled for July 24, 2007.

17. By this Motion, the Trustee seeks an extension of time, through and including August 16, 2007, to serve the summons and complaint on the Defendant. As a result of such extension, the Trustee also requests that the Court re-schedule and continue the initial pretrial conference for this Avoidance Action in November 2007. The Trustee requests such an enlargement of time with regard to service of the summons and complaint and the initial pre-trial

conference due to the lack of documents available to support reliable service in the Avoidance Action.

## Legal Basis

18. FRBP 7004(a) provides that the summons and complaint in an adversary shall be mailed within ten (10) days of issuance. Fed. R. Bankr. P. 7004(e). "If a summons is not timely delivered or mailed, another summons shall be issued and served." Id. (emphasis added)

19. FRCP 4(m), which is expressly incorporated in the Avoidance Action by FRBP 7004(a), provides that a court shall dismiss an action, without prejudice, for failure to effectuate service only after 120 days have passed since the filing of the complaint. Fed. R. Civ. P. 4(m); Fed. R. Bankr. P. 7004(a). The Advisory Committee Notes to FRBP 7004(a) also clarify that a court "may" dismiss a complaint if service is not effectuated within 120 days. Fed. R. Bankr. P. 7004(a), Advisory Committee Notes, 1987 Amendments. Furthermore, FRCP 4 further explains that the period for service shall be extended upon a showing of good cause by the plaintiff. Fed. R. Civ. P. 4(m).

20. Trustee seeks an extension of less than 120 days from the filing of the Avoidance Action to effectuate service.

21. If the Trustee is required to adhere to the 10-day service deadline set forth in Bankruptcy Rule 7004(e), service of process on the Defendant will not be successfully effectuated.

22. The Trustee has shown good cause for the extension of time to effectuate service. Moreover, both FRCP 4(m) and FRBP 7004(e) contemplate extensions of the time to serve the summons and complaint in this Avoidance Action.

23. The Trustee submits this motion in good faith and not for purposes of delay. No

parties will be prejudiced by the relief sought herein. As a result, the Trustee will not be serving this Motion upon any parties in the adversary proceeding as such parties' contact information is yet unidentified.

WHEREFORE, the Trustee respectfully requests that this Court (A) enter an order granting a 90 day extension of time, through and including August 16, 2007, to serve the summons and complaint on the Defendant, (B) re-schedule and continue the pretrial conference for this Avoidance Action until November 2007, and (C) grant such other relief as this Court deems just and proper.

Respectfully submitted this 23rd day of May, 2007.

**I hereby certify that I am admitted to the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1)**

GENOVESE JOBLOVE & BATTISTA, P.A.
*Attorneys for the Chapter 11 Trustee*
Bank of America Tower
100 S.E. Second Street, Suite 4400
Miami, Florida 33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By: ___/s/ Heather L. Yonke_____
    Paul J. Battista, Esq. FBN 884162
    Scott A. Underwood, Esq. FBN 730041
    Heather L. Yonke, Esq. FBN 013192