UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                  Case No. 05-22912-BKC-RBR

CERTIFIED HR SERVICES COMPANY          Chapter 11
f/k/a THE CURA GROUP, INC.,

    Debtor.
_____/
JAMES S. FELTMAN, Chapter 11 Trustee      Adversary Case No. 07-01336-RBR
of CERTIFIED HR SERVICES COMPANY
f/k/a THE CURA GROUP, INC., and
CERTIFIED SERVICES, INC.,

    Plaintiff,

v.

PRAIRIE CAPITAL,

    Defendant.
_____/

**PLAINTIFF CHAPTER 11 TRUSTEE'S NOTICE OF TAKING
FED. R. CIV. P. 30(b)(6) DEPOSITION DUCES TECUM OF
<u>DEFENDANT'S CORPORATE REPRESENTATIVE(S)</u>[1]**

JAMES S. FELTMAN, the duly appointed and acting Chapter 11 trustee for the estate of Certified HR Services Company, f/k/a The Cura Group, Inc. (the "Debtor") together with the substantively consolidated assets and liabilities of Certified Services, Inc. ("CSI") (hereinafter referred to as the "Plaintiff"), pursuant to Fed. R. Civ. P. 30(b)(6), as incorporated in Fed. R. Bank. P. 7030 and Local Rule 7027-1, will depose the below person(s), under oath, at the following dates, times and location:

---

[1] On or before November 12, 2007, the Deponent(s) shall produce all documents and records requested in the attached <u>Exhibit A</u>.

| Name | Date and Time | Place |
|---|---|---|
| Corporate representative(s) of Prairie Capital with the most knowledge of the substance of the information and documents requested in the attached Exhibit A | Monday, November 19, 2007, at 2:00 p.m. (E.S.T.) | Esquire Deposition Services<br>311 West Monroe Street, Suite 1200<br>Chicago, Illinois  60606<br>Telephone: (800) 708-8087 |

The deposition is being conducted pursuant to Fed. R. Civ. P. 30(b)(6), as incorporated in Fed. R. Bank. P. 7030 and Local Rule 7027-1, and will be taken before an officer authorized to record the testimony. If the deponent requires an interpreter, it is deponent's responsibility to engage the employment of such interpreter to be present at the deposition.

The deposition will be taken before a certified court reporter or some other Notary Public for the State of Florida at large.  The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure and other applicable law, and shall continue from day to day until completed.  Any objection must be heard prior to the taking of the deposition.

**On or before November 12, 2007, the Deponent(s) shall produce all documents and records requested in the attached Exhibit A.**

**I HEREBY CERTIFY** that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

>Respectfully submitted,
>
>GENOVESE JOBLOVE & BATTISTA, .A.
>Attorneys for the Plaintiff
>200 East Broward Boulevard, Suite 1110
>Fort Lauderdale, Florida 33301
>Telephone: (954) 453-8022
>Telecopier: (954) 453-8010
>
>By:/s/ Robert F. Elgidely
>     Robert F. Elgidely, Esq.
>     Florida Bar No. 111856

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Plaintiff Chapter 11 Trustee's Notice Of Taking Fed. R. Civ. P. 30(b)(6) Deposition Duces Tecum Of Defendant's Corporate Representative(s) has been furnished by the Court's CM/ECF System to JORDI GUSO, ESQ., Berger Singerman, 200 South Biscayne Boulevard, Suite 1000, Miami, Florida 33131 and to DOUGLAS M. POLAND, ESQ., Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, Wisconsin 57301-2719, on the 12th day of October, 2007.

>By: /s/ Robert F. Elgidely
>     Robert F. Elgidely, Esq.

cc:   Esquire Deposition Services
      515 East Las Olas Boulevard, Suite 1300
      Fort Lauderdale, Florida 33301
      (via facsimile 954-331-4464)

**EXHIBIT "A"**

**INSTRUCTION AND DEFINITIONS**

I. Instructions

  A. This document request is continuing in nature and when new knowledge or information comes to the attention of the Defendant the information supplied in the answers to the document request shall be supplemented forthwith.

  B. For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

  C. If you at any time had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

  1. The names of the authors of the document;

  2. The names of the persons to whom the documents or copies were sent;

  3. The date of the document;

  4. The date on which the document was received by each addressee, copyee or its recipients;

  5. A description of the nature and subject matter of the document that is as complete as possible;

  6. The date on which the document was lost, discarded or destroyed; and

  7. The manner in which the document was lost, discarded or destroyed.

D. With respect to any document that Defendant withholds under claim of privilege, the Defendants shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Defendants shall provide a statement, signed by an attorney representing the Defendants, setting forth as to each such document:

1. The names of the senders or the document;

2. The names of the authors of the document;

3. The names of the persons to whom the document or copies were sent;

4. The job title of every person named in subparagraphs 1, 2 and 3 above;

5. The date of the document;

6. The date on which the document was received by each addressee, copyee or its recipient;

7. A brief description of the nature and subject matter of the document; and

8. The statute, rule or decision which is claimed to give rise to the privilege.

E. If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

F. All words in this Request shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

G. Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H. The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

5

I.   "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise might be construed as outside their scope.

J.   "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K.   The use of the singular form of any word includes the plural and vice versa.

L.   All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.   Unless otherwise stated herein, the time period encompassed by this Request shall be from January 1, 2001.

II. Definitions

1.   As used herein, the term Defendant shall include Defendant and any of its affiliates, subsidiaries, assigns, authorized officers and directors, employees, agents, and others purporting to act on its behalf.

2.   As used herein, the term "Debtor" shall refer to Certified HR Services Company f/k/a The Cura Group, Inc.

3.   As used herein, the term "CSI" shall refer to Certified Services, Inc.

4.   As used herein, the term "Brentwood" shall refer to Brentwood Capital Corporation.

5.   As used herein, the term "Midwest" shall mean Midwest Merger Management, LLC.

6.   As used herein, the term "Complaint" shall mean the most recent Complaint filed by Plaintiff in this action against the Defendant.

7.   As used herein, the term "Petition Date" shall mean May 12, 2005.

8.   As used herein, the term "Sub Con Effective Date" shall mean May 10, 2006.

9.   The words "you", and "your" shall mean the party upon whom this request is being served and all of its affiliates, subsidiaries, assigns, authorized officers and directors, employees, agents, and others purporting to act on its behalf.

10.   The word "person" shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business

enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether *sui juris* or otherwise and includes both the singular and plural.

11. The terms "communication" and "communications" shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

12. The term "document" shall mean any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, including originals, non-identical copies and drafts of both sides thereof, and including, but not limited to, papers, books, letters, correspondence, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, memoranda, notes, notations, transcripts, minutes, agendas, reports and recordings of telephone or other conversations, interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements, journals, diaries, lists, tabulations, drawings, sketches, photographs, film, computer print-outs, data processing input/output, microfilms and all other records kept by electronic, photographic or mechanical means, and other things similar to any of the foregoing, including items in the possession, custody, or control of any other person, including your attorneys.

13. The word "correspondence" shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

14. The words "support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to," and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## **DOCUMENTS REQUESTED**

1. Any and all documents supporting or evidencing Defendant's answers to Plaintiff's First Set of Interrogatories to Defendant.

2. Any and all documents evidencing the nature of Defendant's business relationship with each of the Debtor, CSI, Midwest, or Brentwood prior to the Petition Date.

3. Any and all documents evidencing the nature of Defendant's business relationship with each of the Debtor, CSI, Midwest, or Brentwood on or after the Petition Date.

4. Any and all documents evidencing the nature of Defendant's business relationship with each of the Debtor, CSI, Midwest, or Brentwood prior to the Sub Con Effective Date.

5. Any and all documents evidencing nature of Defendant's business relationship with each of the Debtor, CSI, Midwest, or Brentwood on or after the Sub Con Effective Date.

6. Any and all documents evidencing contracts or agreements entered into between yourself and the Debtor, CSI, Midwest, or Brentwood, and whether such were written, oral or mutually understood by you and the Debtor, CSI, Midwest, or Brentwood.

7. Any and all documents evidencing or relating to the Debtor's and/or CSI's financial condition during the entirety of your business relationship.

8. Any and all documents evidencing, relating to or supporting the amount, type (monetary, goods, or services), and timing of all value, if any, provided by Defendant to Debtor, CSI, Midwest, or Brentwood from January 1, 2001 to present.

9. Any and all documents evidencing, relating to or supporting any payments Defendant received from Debtor, CSI, Midwest, or Brentwood from January 1, 2001 to present, including, but not limited to, copies of checks (front and back), bank statements, wire transfer advices/instructions, invoices, bills of lading, and receipts.

10. Any and all documents evidencing, relating to or supporting the specific business and credit terms with which Defendant conducted business with each applicable entity among the Debtor, CSI, Midwest, or Brentwood.

11. Any and all documents evidencing, relating to or supporting each of Defendant's denials of any and all of Plaintiff's allegations in the Complaint.

12. Any and all documents evidencing, relating or supporting each affirmative defense that Defendant has asserted and/or intends to assert in Defendant's response to the Complaint.