UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

| | |
|---|---|
| In re | CASE NO.  05-22912-BKC-RBR |
| | CHAPTER 11 |
| CERTIFIED HR SERVICES COMPANY | |
| f/k/a THE CURA GROUP, INC., | |
| Debtor. | |
| _____/ | |
| JAMES S. FELTMAN, Chapter 11 | ADV. NO. 07-1336-BKC-RBR-A |
| Trustee of CERTIFIED HR SERVICES | |
| COMPANY f/k/a THE CURA GROUP, | |
| INC. AND CERTIFIED SERVICES, INC., | |
| Plaintiff, | |
| vs. | |
| PRAIRIE CAPITAL, | |
| Defendant. | |
| _____/ | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Plaintiff, James S. Feltman, the duly appointed and acting Chapter 11 trustee (the "Plaintiff" or "Trustee") for the estate of Certified HR Services Company, f/k/a The Cura Group, together with the substantively consolidated assets and liabilities of Certified Services, Inc., files this response to the Motion to Dismiss filed by the Defendant Prairie Capital (the "Defendant"), and says:

1.  This adversary case was filed on May 9, 2007, seeking to avoid fraudulent transfers totaling $121,992.71.

2.  On August 16, 2007, the Trustee served the Complaint on the Defendant, along with his first request for production and interrogatories. To date, the Defendant has not served any responses to this discovery.

3.  On September 28, 2007, the Defendant filed a motion to dismiss, which was

scheduled for hearing for October 23, 2007.

4.   On October 12, 2007, the Trustee noticed the deposition duces tecum of the Defendants for November 19, 2007, with documents to be produced by November 12, 2007.

5.   On October 19, 2007, the parties filed an agreed motion to continue the hearing on the motion to dismiss by two weeks to engage in settlement discussions.

6.   By Order dated October 22, 2007, the Court continued the motion to dismiss hearing to November 6, 2007.

7.   Although it claims to be filed under Fed. R. Civ. P. 12(b)(6), the Defendant attaches from another case the affidavit of an attorney who asserts that certain documents that he neither drafted nor created are true, accurate and correct copies.  In addition, the attorney is neither a record custodian nor qualified witness to establish the documents attached to the affidavit as business records.

8.   The Trustee requests that the motion to dismiss be continued or denied without prejudice.

9.   First, relief cannot be granted under Rule 12(b)(6) because the Defendant attaches and affidavit and documents outside the four corners of the Complaint.

10.   Second, if matters outside the four corners of the Complaint are considered, then the motion must be treated as a motion for summary judgment.  As the Court is well aware, summary judgment is not appropriately considered as long as discovery remains pending.  In the instant case, substantial discovery remains to be conducted including (i) the deposition duces tecum of the Defendant scheduled for November 19, 2007; (ii) responses to the Trustee's discovery served in August, 2007; and (iii) responses to the duces tecum request in the deposition notice by November 12, 2007.

11.   Third, even if the hearing on the motion to dismiss were to proceed under the summary judgment rule, the affidavit filed in support of the motion is fatally defective and

should be stricken and/or not considered by the Court because: (i) it is not based upon a person with personal knowledge of the substance of any of the documents attached thereto; (ii) it does not properly authenticate the documents attached thereto; (iii) it does not contain sufficient foundations to overcome hearsay objections; and (iv) it does not raise any genuine issues of material fact.

12. Finally, the Trustee will be filing an amended complaint to include a count asserting an objection to the Defendant's proof of claim, which will also require that the motion to dismiss be continued. To this end, on Friday the Trustee offered an agreed order denying the motion to dismiss without prejudice, but did not receive a response to this proposal before this response was filed.

13. Based upon the foregoing, the motion to dismiss should be continued or denied for the reasons set forth herein.

Respectfully submitted this 3rd day of November, 2007.

**I hereby certify that I am admitted to the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1**)

GENOVESE JOBLOVE & BATTISTA, P.A.
*Attorneys for the Chapter 11 Trustee*
Bank of America Tower
100 S.E. Second Street, Suite 4400
Miami, Florida 33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By:     /s/  Heather L. Yonke
    Paul J. Battista, Esq. FBN 884162
    Heather L. Yonke, Esq. FBN 013192

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF, facsimile and/or U.S. Mail to all parties listed below this 3rd day of November, 2007.

/s/     Heather L. Yonke
Heather L. Yonke, Esq.

Jordi Guso, Esq.
Berger Singerman
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131

Christopher Stroebel, Esq.
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
PO Box 2719
Madison, WI 57301-2719