**Prairie Capital**

300 South Wacker Drive
Suite 2400
Chicago, Illinois 60606
Tel. 312.360.1133
Fax 312.360.1193
www.prairie-capital.com

September 26, 2003

**VIA Facsimile: (954) 315-2603**

Mr. Danny L. Pixler
President and Chief Executive
Certified Services, Inc.
5101 NW 21st Ave.
Suite 350
Ft. Lauderdale, FL 33309

Re:    Assumption by Certified Services, Inc. of BACE International, Inc. ("BACE") indebtedness of $3,825,014 owed to Prairie Capital Mezzanine Fund, L.P. ("Prairie") and BACE indebtedness of $3,385,891 owed to nineteen others stemming from the BACE acquisition of American Staff Resources, Inc. (collectively this indebtedness is referred to herein as the "Assumed Indebtedness")

Dear Danny:

This morning, I received your facsimile letter regarding the above-referenced matter. This letter responds to your letter and summarizes our previous communications on this subject.

As you know, the Assumed Indebtedness was due and payable in full on April 24, 2003. BACE failed to repay the Assumed Indebtedness and subsequently sold its PEO operations to your company. Pursuant to that transaction, Bill Baumgardner (BACE CEO) and you represented to me that Certified Services, Inc. had assumed the Assumed Indebtedness. Your Form 8K filed on July 1, 2003 confirms that representation. In reliance on those representations, Prairie did not take any collection or other actions with respect to the past due Assumed Indebtedness at that time.

Chris Killackey and I met with you and Anthony Huff on the evening of July 22, 2003 to discuss repayment of the Assumed Indebtedness, at which time you reconfirmed that your organization had assumed the Assumed Indebtedness and assured us that an acceptable repayment program would be arranged. To meet your desire to avoid the Indebtedness being reflected as past due on your financial statements while we discussed a proposed payment program, you requested that we enter into a short-term extension of the Assumed Indebtedness to October 1, 2003 and, in exchange for our agreement to so extend, you agreed to pay all past due interest. Thus, on July 28, 2003 we sent you the invoice for all past due interest, expressly stating thereon that "We will forward the interest to all appropriate individual investors" (a copy is attached for your convenience). On July 31, 2003 you remitted the entire invoiced payment and we subsequently disbursed the proceeds as indicated.

Pursuant to your request, we prepared and sent to you on August 13, 2003 a short-term extension agreement for the Assumed Indebtedness (a copy is attached for your convenience). Subsequent emails from you indicated that you had received and were reviewing this agreement. Then, on

Page 2
September 26, 2003

August 22, 2003, your CFO Anthony Russo sent a fax to my attention requesting a waiver of the default of the Assumed Indebtedness and, for the first time, attempting to recharacterize your previous interest payment as a "good faith deposit." Since that date, you and Anthony Russo have repeatedly failed to respond to my many phone calls.

I certainly am pleased that you would like to meet to resume discussions regarding a satisfactory repayment program for the past due Assumed Indebtedness. However, I do want you to understand that Prairie has no interest in discussing with you the results of any investigation you may be conducting regarding the business you purchased from BACE. Our only interest in this matter is that the Assumed Indebtedness be repaid in full as agreed and discussing with you a reasonable payment program.

I look forward to hearing from you.

Sincerely,

Stephen V. King
Principal

Cc:  Anthony Russo – **Via Facsimile (212) 308-3949**

Margaret A. Gibson, P.C. (Kirkland & Ellis LLP)

PCMF/ANCOR 00009