UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

In re                                                                                  CASE NO.   05-22912-BKC-RBR
                                                                                       CHAPTER 11
CERTIFIED HR SERVICES COMPANY
f/k/a THE CURA GROUP, INC.,

     Debtor.
_____/

JAMES S. FELTMAN, Chapter 11                                   ADV. NO. 07-1336-BKC-RBR-A
Trustee of CERTIFIED HR SERVICES
COMPANY f/k/a THE CURA GROUP,
INC. AND CERTIFIED SERVICES, INC.,

     Plaintiff,
vs.

PRAIRIE CAPITAL,

     Defendant.
_____/

### PLAINTIFF'S MOTION TO COMPEL APPEARANCE OF DEFENDANT'S REPRESENTATIVE IN THE SOUTHERN DISTRICT OF FLORIDA FOR DEPOSITION

The Plaintiff, James S. Feltman, the duly appointed and acting Chapter 11 trustee (the "Plaintiff" or "Trustee") for the estate of Certified HR Services Company, f/k/a The Cura Group (the "Debtor") together with the substantively consolidated assets and liabilities of Certified Services, Inc. ("CSI") (collectively with the Debtor hereinafter referred to as the "Consolidated Estate"), files this Motion to Compel Appearance of Defendant's Representative in the Southern District of Florida for Deposition, and says:

     1.     In this action, the Plaintiff is seeking to avoid and recover certain avoidable transfers, in addition to objecting to the proof of claim filed by the Defendant.

     2.     The Plaintiff has requested that a representative of the Defendant be deposed in

South Florida, but Defendant responded that the witness was only available to be deposed in Chicago. While the date and time of the deposition, December 3, 2007 at 1:00 pm, have been agreed to, the location has not.

3.     As of the date of the filing of this motion, no response has been received to Plaintiff's request for the witness to be deposed in South Florida and Defendant's motion for summary judgment/dismissal is scheduled for next month. Therefore, time is of the essence in obtaining a decision on this issue before the continued hearing.

4.     This Court has discretion to determine where parties to an adversary proceeding may be deposed. For three reasons the Court should exercise its discretion to require that the deposition be conducted in South Florida.

5.     First, it is well-establish United States Supreme Court law that the filing of a proof of claim waives the claimant's constitutional right to a jury trial and other rights as well, such as the right to compel arbitration. The Plaintiff posits that if a constitutional right of significant import is waived by the mere filing a proof of claim, then lesser rights, such as the right of a claimant to deposed where such claimant resides, is waived as well.

6.     Second, it has been held that the filing of a proof of claim is analogous to the filing of a complaint. See *In re Dayton Seaside Associates # 2, L.P.*, 257 B.R. 123 (Bankr. S.D.N.Y. 2000) (observing that the filing of a proof of claim has properly been analogized to the filing of a complaint, with the debtor's objection the answer or defense); *Accord, Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2d Cir.1962); *Smith v. Dowden*, 47 F.3d 940, 941, 943 (8th Cir.1995); *In re 20/20 Sport, Inc.*, 200 B.R. 972, 978 (Bankr.S.D.N.Y.1996). It likewise has uniformly been decided that a plaintiff who files a complaint (in this case a proof of claim) is ordinarily subject to be deposed in the district where the lawsuit was filed (in this case here in

Southern District of Florida). *See Dollar Systems, Inc. v. Tomlin*, 102 F.R.D. 93, 39 Fed.R.Serv.2d 755 (M.D. Tenn. 1984) (noting that a deposition of a corporation, through its officers and agents, should be taken ordinarily at its principal-place-of-business, but that "the plaintiff will not be heard to complain about having to appear in the forum-district for the taking of its deposition, since it selected that forum in the first instance"). The fact that Defendant was required to file a proof of claim here in South Florida is of no consequence. Everyday plaintiffs are required to sue defendants in states other than their own because of legal principles that require that the suits be filed in such locations. Obviously if a deponent were asserting poverty or some other factor weighing heavily to require a deposition to be taken somewhere other than the district where the proof of claim is filed, then the court in its discretion may permit this to occur. Here, however, all that the Trustee has been told is that the witness resides in Chicago and nothing else.

7. Finally, apart from the legal authorities cited above, it is in the best interests of the estate for the witness to travel to South Florida to be deposed. This would avoid both parties, including a cash starved bankruptcy estate, from having to incur the expense of two attorneys (one for the Plaintiff and one for the Defendant) traveling to Chicago to depose the witness. The Trustee, meanwhile, has no objection to any reasonable travel and lodging expenses incurred by the witness to be deemed a taxable cost in the event the Defendant is the prevailing party in this action.

8. Based upon the foregoing, the Plaintiff requests the Court to exercise its discretion and enter an order compelling the representative of the Defendant to appear for his deposition in the Southern District of Florida.

9. A good faith effort was made to resolve the issues raised in this motion before this

motion was filed, which efforts will continue prior to the hearing on this motion.

WHEREFORE, the Trustee requests the relief requested herein and any other relief the Court deems appropriate.

Dated this 21st day of November, 2007.

> **I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A)**

By:   /s/ Brett M. Amron
     Paul J. Battista, Esq., FBN 884162
     David C. Cimo, Esq., FBN 775400
     Brett M. Amron, Esq. FBN148342
     GENOVESE JOBLOVE & BATTISTA, P.A.
     100 SE 2nd Ave, Suite 4400
     Miami, Florida 33131
     Tel: (305) 349-2300
     Fax: (305) 349-2310
     pbattista@gjb-law.com
     bamron@gjb-law.com
     dcimo@gjb-law.com

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing was served via facsimile, e-mail and/or electronic mail, and/or First Class postage-paid U.S. Mail to all parties on the attached service list this 21st day of November, 2007.

By:  /s/ Brett M. Amron
    Brett M. Amron

## **SERVICE LIST**

Jordi Guso, Esq.
Berger Singerman
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131

Christopher Stroebel, Esq.
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
PO Box 2719
Madison, WI 57301-2719