UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CERTIFIED HR SERVICES COMPANY f/k/a THE CURA GROUP, INC., | Case No. 05-22912-BKC-RBR |
| Debtor. _____/ | |
| JAMES S. FELTMAN, Chapter 11 Trustee of CERTIFIED HR SERVICES COMPANY f/k/a THE CURA GROUP, INC. AND CERTIFIED SERVICES, INC., | Adv. No. 07-ap-1336-RBR |
| Plaintiff, | |
| vs. | |
| PRAIRIE CAPITAL, | |
| Defendant. _____/ | |

## RESTATED AND SUPPLEMENTAL MOTION TO DISMISS

Defendant Prairie Capital Mezzanine Fund, L.P. ("Prairie") by and through undersigned counsel, under Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6), brings this restated and supplemental motion to dismiss the above-referenced adversary proceeding brought by James S. Feltman, Chapter 11 Trustee ("Trustee") of Certified HR Services Company f/k/a The Cura Group (the "Debtor") and the Debtor's corporate parent, Certified Services, Inc. ("CSI").

This restated and supplemental motion is necessitated by the Trustee's filing, on November 16, 2007, of an Amended Complaint against Prairie. The Amended Complaint is identical to the Trustee's initial complaint, except that it includes one new count ("Count V"),

mn332136_1

objecting to Prairie's proof of claim. Counts I through IV of the Amended Complaint, which assert various avoidance claims against Prairie, are identical to the four counts alleged in the Trustee's initial complaint.

Prairie's motion to dismiss the Trustee's initial complaint [Docket No. 10], and the Trustee's response to Prairie's motion [Docket No. 28], are currently pending before the Court. As of November 3, 2007, the motion to dismiss had been fully briefed by the parties and was ripe for a decision by the Court. The Court has set the matter for hearing on December 13, 2007.

Therefore, in response to Counts I through IV of the Amended Complaint, and in the interest of judicial economy and fairness, Prairie restates and reasserts its motion to dismiss [Docket No. 10], and asks the Court to hear its restated motion as scheduled, on December 13, 2007.

Prairie further asks the Court to hear on December 13, 2007 Prairie's motion to dismiss Count V of the Trustee's complaint, for the reasons stated below. As with the initial motion to dismiss, Prairie relies upon Affidavit of William N. Warren dated April 15, 2004 (the "Warren Affidavit"), which is resubmitted and attached hereto as Exhibit 1, along with the accompanying Exhibit J and Exhibit Z.[1]

## FACTUAL BACKGROUND

Prairie's claim against the consolidated estates is based on payments due under promissory notes dated August 21, 2002, evidencing obligations to Prairie and its affiliated investors in the original amount of $8 million, accruing interest at an annual percentage rate of 6.5% (the "Promissory Notes").

---

[1] References to certain exhibits to the Warren Affidavit shall be cited as "Warren Affidavit, Exhibit ___." Exhibits E, I, M, W, X, BB, CC and DD to the Warren Affidavit were submitted with Prairie's initial motion to dismiss. Exhibits J and Z accompany this supplemental motion.

The Promissory Notes were drawn in partial consideration for the August 31, 2002 sale by Prairie to BACE International Corporation ("BACE") of the stock of ASR Acquisition, Inc. ("ASR").

Subsequently, on June 27, 2003, BACE sold its PEO business, including ASR, to CSI and an affiliated non-debtor, Cura III. [Addendum to the Stock Purchase Agreement between BACE International and Certified Services, Inc. and The CURA Group III, Inc. dated June 27, 2003 (the "Addendum"), Warren Affidavit, Exhibit W.] In partial consideration of the sale, the Addendum expressly provides that CSI and Cura III assumed the obligations under the Promissory Notes. Addendum § 3.7. The assumption was conditioned on three conditions, all of which have been fulfilled. [Deposition of William L. Baumgardner, Jr., vol. 3 p 441, ln. 6-7, Warren Affidavit, Exibit J.]

Three days after the sale, on June 30, 2003, CSI created a new subsidiary, American HR Holdings, Inc. ("American HR"). That same day, American HR assumed ownership of ASR as well as the obligations under the Promissory Notes. CSI's Form 8-K, filed with the SEC on July 1, 2003, and CSI's Form 10-QSB, filed with the SEC on November 14, 2003, affirmed both the purchase of ASR as well as the assumption of the Promissory Notes. [CSI's Form 8-K dated July 1, 2003, Warren Affidavit, Exhibit X; CSI's Form 10-QSB dated November 14, 2003, pp.9 and 11, Warren Affidavit, Exhibit Z.]

**PROCEDURAL BACKGROUND**

On May 12, 2005, the Debtor filed a voluntary petition for relief under chapter 11, Title 11 of the United States Code ("Bankruptcy Code"). On September 2, 2005, CSI transferred its PEO business, including American HR, to O2HR. The Trustee filed a complaint to avoid the transaction and substantively consolidate O2HR with the Debtor's bankruptcy estate (the "Sub

Con Litigation"), but subsequently settled the Sub Con Litigation and obtained court approval of the sale to O2HR, in exchange for, among other consideration, the substantive consolidation of CSI with the Debtor, effective May 10, 2006, and the Trustee's receipt of a promissory note in the amount of $10,290,000.  [See, Case No. 05-22912-RBR, C.P. No. 407, Exhibit A.]

On May 9, 2007, the Trustee filed his complaint, containing four counts, against Prairie. More than three months later, on August 16, 2007, the Trustee served the complaint on Prairie.

Prairie responded on September 28, 2007 with a motion to dismiss the Trustee's complaint in its entirety.  The Court initially scheduled the hearing on Prairie's motion to dismiss on October 23, 2007.

Four days before the hearing, on October 19, 2007, the Trustee filed a motion requesting "a brief two-week continuance so that the parties could continue their settlement discussions." The Court granted the Trustee's request and rescheduled the hearing on the motion to dismiss for November 6, 2007.

The Trustee made an offer of settlement to Prairie on November 1, 2007.  That same day, five days before the continued hearing, the Trustee filed a motion for a further continuance of the hearing on the motion to dismiss.  The Trustee made this request without consulting with Prairie. In a filing the next day, Prairie indicated its desire that the motion to dismiss proceed as scheduled on November 6.  The Court nevertheless granted the Trustee's request, and pushed back the hearing on the motion to dismiss to December 13, 2007.

On November 3, 2007, the Trustee filed his response to Prairie's motion to dismiss.  As of November 3, 2007, the motion to dismiss had been fully briefed by the parties, and was ripe for a decision by the Court.

On November 16, 2007, the Trustee filed an Amended Complaint against Prairie. The Amended Complaint is identical to the Trustee's initial complaint, except that it includes one new count ("Count V"), objecting to Prairie's proof of claim. Counts I through IV of the Amended Complaint are identical to Counts I through IV of the Trustee's initial complaint.

Prairie now supplements its previously filed motion to dismiss Counts I – IV to include the dismissal of Count V.

## ARGUMENT

**1.      Legal Standards Governing Dismissal**

Prairie's initial motion to dismiss cites Federal Rule of Bankruptcy Procedure 7012(b), as well as the procedural grounds supporting the grant of summary judgment against the Trustee and the dismissal of the Trustee's complaint.

A noteworthy factor favoring dismissal is the fact that, more than a year ago, in July 2006, in conjunction with Prairie's claim in the above-captioned bankruptcy case, Prairie provided the Trustee with numerous documents and materials relating to the Debtor's and Prairie's dealings. Among the materials provided to the Trustee were transcripts of the depositions of the key witnesses and all documents upon which Prairie relies in seeking dismissal of the Trustee's complaint. The Trustee has had ample opportunity—more than 15 months—to evaluate the facts and law governing the disposition of the Trustee's complaint.

Once sufficient time for discovery has passed, the party who bears the burden of proof at trial (in this case, the Trustee) must "make a showing sufficient to establish the existence of an element essential to that party's case" to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party in opposition to the motion may not rest upon the mere allegations or denials of the pleadings. When the party opposing summary judgment fails to raise an issue of material fact, summary judgment should be granted. *Id.*

**2.     Under the Addendum, CSI Expressly Assumed the Promissory Notes**

The Trustee's sole basis for objecting to Prairie's claim is the bald assertion that "the Trustee is [not] aware of the existence of any legally enforceable documents executed by the Debtor or CSI, the parties to be charged, expressly assuming the debt or obligation at issue." [Amended Complaint ¶ 43.]

The Trustee's statement is simply wrong.

Among the documents provided by Prairie to the Trustee more than 15 months ago, in July 2006, is the Addendum. Under the Addendum, CSI and an affiliated non-debtor, Cura III, purchased certain PEO businesses, including ASR. In partial consideration of the sale, the Addendum expressly provides that CSI and Cura III assumed the obligations under the Promissory Notes. The conditions for assumption, listed in section 3.7 of the Addendum, were fulfilled. [Deposition of William L. Baumgardner, Jr., vol. 3 p 441, ln. 6-7, Warren Affidavit, Exibit J.]

Furthermore, subsequent filings by CSI with the U.S. Securities and Exchange Commission, as well as statements by Mr. Pixler, affirm that, as provided by the plain language of the Addendum, CSI had assumed the obligation to repay the Promissory Notes. CSI's Form 8-K, filed with the SEC on July 1, 2003, and CSI's Form 10-QSB, filed with the SEC on November 14, 2003, affirmed both the purchase of ASR as well as the assumption of the Promissory Notes. [CSI's Form 8-K dated July 1, 2003, Warren Affidavit, Exhibit X; CSI's Form 10-QSB dated November 14, 2003, pp.9 and 11, Warren Affidavit, Exhibit Z.] On September 24, 2003, Mr. Pixler, writing on behalf of American HR, stated that he had "approved a good faith deposit of $121,992.71 to Prairie in exchange for it's [sic] extension of the BACE

6

mn332136_1

indebtedness to October 1, 2003[.]" [Letter from Pixler to King dated September 24, 2003, Warren Affidavit, Exhibit DD.]

Rather than referring to the Addendum between BACE and CSI, the Trustee attempts to bolster his argument by citing a letter from Prairie to CSI dated September 26, 2003. The Trustee contends that this letter is somehow an admission that "no documents exist executed by the Debtor or CSI expressly assuming the debt or obligations at issue." Amended Complaint ¶ 44. This is a mischaracterization of the letter.

Prairie's letter to CSI refers to the Promissory Notes as the "Assumed Indebtedness," repeatedly asserts that CSI has assumed the obligation to repay the Promissory Notes, and insists that CSI meet is obligation to payment of the amounts due under the Promissory Notes. The Trustee does not offer any explanation about how this letter could be understood as anything but an affirmation of CSI's assumption of the Promissory Notes.

The Trustee also does not offer any reason for concluding that Prairie's letter somehow supersedes CSI's express agreement in the Addendum to assume the obligation of repaying the Promissory Notes. Substantively, the Trustee's objection is nothing more than an attempt to wish away Prairie's claim. Count V is therefore fatally flawed and should be dismissed with prejudice.

**WHEREFORE**, Prairie Capital Mezzanine Fund, L.P. requests that the Court dismiss this adversary proceeding with prejudice award such other relief as it deems just and appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the following was served upon Heather Yonke, Esq., Paul J. Battista, Esq, Genovese Joblove & Battista, counsel for James S.

Feltman, Chapter 11 Trustee, 100 SE 2 Street, Suite 4400, Miami, FL 33131 this 21st day of November, 2007.

### CERTIFICATION PURSUANT TO LOCAL RULE 9011-4(B):

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Dated:  November 21, 2007

                                      Respectfully submitted:

                                      BERGER SINGERMAN, P.A.

                                        /s/ Jordi Guso
                                      Jordi Guso
Florida Bar No. 0863580
200 South Biscayne Boulevard, Suite 1000
Miami, Florida  33131
Telephone: (305) 755-9500
Fax: (305) 714-4340

        – and –

GODFREY & KAHN, S.C.
Douglas M. Poland
WI Bar No. 1055189
Christopher Stroebel
WI Bar No. 1035182
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 57301-2719
Phone:   (608) 257-3911
Fax:       (608) 257-0609

CO-COUNSEL FOR PRAIRIE CAPITAL

8